IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NEWPORT NEWS DIVISION

THE HANOVER INSURANCE COMPANY

      **Plaintiff,**

v.                                                          Case No 4:19-cv-00062

OYSTER COVE BOATWORKS & YACHT
BROKERAGE, INC., et al.

      **Defendants.**

## ANSWERS, DEFENSES, AND AFFIRMATIVE DEFENSES

For their Answer, Defenses and Affirmative Defenses, defendants Oyster Cove Boatworks & Yacht Brokerage, Inc. and Christopher Leigh (collectively, "Oyster Cove"), state as follows:

### ANSWER

### I. Parties

1. Oyster Cove lacks sufficient information to admit or deny paragraph 1, and therefor denies.

2. Admitted.

3. Admitted.

4. Oyster Cove lacks sufficient information to admit or deny paragraph 4, and therefore denies.

4. Oyster Cove lacks sufficient information to admit or deny the second paragraph 4, and therefore denies.

### II. Jurisdiction and Venue

1

5. Paragraph 5 is a conclusion of law to which no response is required.

6. Paragraph 6 is a conclusion of law to which no response is required.

7. Paragraph 7 is a conclusion of law to which no response is required.

### III. Facts

**A. The Underlying Claims**

8. Admitted.

9. Admitted.

10. Admitted.

11. Admitted that Mr. Leigh was operating the General Leigh in his capacity as the president of Oyster Cove Boatworks & Yacht Brokerage, Inc.

12. Admitted.

13. Admitted.

14. Admitted.

15. Admitted.

16. Admitted.

17. Admitted.

**B.     The Policy**

18. Defendants admit the policy was issued but are unable to admit or deny whether Exhibit C is a complete or true copy of the policy.

19. Admitted.

20. Defendants admit only that this language does exist in the policy, but otherwise state the policy speaks for itself.

21. Defendants admit only that this language does exist in the policy, but otherwise state the policy speaks for itself.

### III. Count I – Declaratory Judgment

22-34. There are no paragraphs numbered 22 through 34 in the complaint.

35. Denied.

36. No response is required to paragraph 36. To the extent a response is required, Oyster Cove states there is no basis in fact or law to deny coverage to Oyster Cove for the underlying lawsuits that are the subject of the complaint.

37. Oyster Cove does not understand all of the allegations in paragraph 37 of the Complaint and therefore denies same. Oyster Cove specifically denies that it is not entitled to coverage under the policy issued by plaintiff.

### DEFENSES AND AFFIRMATIVE DEFENSES

1. Any allegations which have not been expressly admitted are denied.
2. Plaintiff has failed to allege sufficient facts to show that an actual controversy, ripe for decision, exists between the parties, as required by 28 U.S.C. §§ 2201 and 2202.
3. Plaintiff has otherwise failed to state a claim for which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.
4. Defendant, Chris Leigh, was at all pertinent times acting within the course and scope of his employment as an employee, officer, and director of defendant, Oyster Cove Boatworks & Yacht Brokerage, Inc.

5. Defendants, Oyster Cove Boatworks & Yacht Brokerage, Inc., are entitled to defense and indemnity under the policy which is the subject of the complaint and for the lawsuits brought against them by Alan Clay Moore and Cheryl Moore.

WHEREFORE, defendants, Oyster Cove Boatworks & Yacht Brokerage, Inc. and Christopher Leigh, request that judgment be entered in their favor and that they have their costs, attorneys fees, and such other and further relief as may be just and proper.

**OYSTER COVE BOATWORKS & YACHT BROKERAGE, INC. and CHRISTOPHER LEIGH**

/s/ David N. Ventker

David N. Ventker, Esq. (VSB No. 29983)
Marissa M. Henderson, Esq. (VSB No. 44156)
Ventker Henderson, PLLC
256 W. Freemason St.
Norfolk, VA 23510
Tel:   (757) 625-1192
Fax:   (757) 625-1475
dventker@ventkerlaw.com
mhenderson@ventkerlaw.com